UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE BOLES, JR., # 156632, )
     Plaintiff, )
             )   No. 1:15-cv-721
-v- )
             )   Honorable Paul L. Maloney
ARAMARK CORRECTIONAL SERVICES, INC., )
et al., )
     Defendants. )
             )

## ORDER ADOPTING REPORT AND RECOMMENDATION
## and GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

  Plaintiff Robert Boles, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed this § 1983 claim against several defendants raising claims related to the food and food services provided. Defendants filed a motion for summary judgment. (ECF No. 87.) The magistrate judge issued a report recommending the motion be granted. (ECF No. 108.) Boles filed objections. (ECF No. 113.) Defendants filed responses. (ECF No. 114.)

### I.

  After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per

curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

## II.

A. Issues in Grievance 14-05-0572-09

This grievance was filed on May 7, 2014, and raises an incident that occurred on May 4, 5, and 6. (ECF No. 87-3 PageID.893.) The magistrate judge found that the issue grieved was that Boles was served a meal on a dirty food tray. (R&R PageID.1289.) The magistrate judge then concluded that receiving food on a dirty tray does not amount to a violation of one's constitutional rights under the Eighth Amendment. (R&RPageID.1291-92.)

Bole objections. He argues that he grieved the failure to place appropriate food in low sodium diet trays, a violation of the therapeutic diet policy, which caused him to be hospitalized.

Boles does not object to the conclusion that serving food on a dirty tray does not amount to a violation of one's rights under the Eighth Amendment.

Boles's objection #1 is overruled. The relevant documents appear at ECF No. 87-3, PageID.891-93. The magistrate judge's conclusions about the document are correct. Although Boles did discuss the "on-going problem" about serving inappropriate food, the issue he addressed with the staff before filing this grievance was the cleanliness of the trays. As Boles completed the grievance form, the date of the incident was May 6. In the paragraph description of the incident, Boles states that on May 4, 5, at 6 the diet trays were dirty and

that he spoke with "Coffrin," an individual not named as a defendant, who suggested he file a grievance.

B. Issues in Grievance 14-06-0682-09

This grievance was filed on June 5, 2014, and complains about events occurring between June 1 and June 5. (ECF No. 87-3 PageID.890.) The magistrate judge found that the issue raised in the grievance was that Boles was not provided a low-sodium diet. (R&R PageID.1289.) The matter was administrative exhausted as to Defendants Watts, Finley, Lamp and Hand. (*Id.*) The magistrate judge concludes the claim, as one arising under the Eighth Amendment, should be dismissed because Boles has not presented any evidence to support the subjective prong; he has no evidence that any of these four defendants were aware he had been prescribed a low-sodium diet. (*Id.* PageID.1293.) The magistrate judge also concluded that the claim should be dismissed because Boles has not alleged any unconstitutional acts, as opposed to inaction, by Defendants Watts, Finley, Lamp and Hand. (*Id.*)

Boles objections. Boles argues he has presented evidence to support the subjective prong of an Eighth Amendment claim relating to his low-sodium diet for Defendant Hand.

Boles does not object to the conclusion that he has not presented evidence to support the subjective prong for an Eighth Amendment claim related to a prescribed low-sodium diet for Defendants Watts, Finley and Lamp.

Boles's objection # 5 is overruled. The Court has reviewed both Boles's response to the motion for summary judgment and the objection. In neither document does Boles identify any evidence in the record that establishes that Defendant Hand was aware of the

3

nature of Boles's medical detail, the medically-ordered low-sodium diet. Boles does have evidence that he complained to Hand that he was being given food that was not low in sodium, in violation of the MDOC diet manual and which was inconsistent with the Aramark food contract. At best, an inference that Boles had a medical-ordered diet could be made from the fact that Boles was using MDOC's therapeutic diet trays. That inference is not sufficient to create a genuine issue of material fact that Hand was subjectively aware of threats to Boles's health and safety and acted with deliberate indifference to that risk. Boles's reliance on the outcome in one of his other lawsuits against Lewis is misplaced. In that case, the evidence presented established that Lewis was aware of the nature of Boles's medical detail. Finally, Boles has not demonstrated that Hand *acted* unconstitutionally. In his objection, Boles explains in some detail his interactions with Hand with regard to the food provided and, in each instance, Boles describes Hand's reaction as refusing to act on Boles's complaints. In neither the complaint nor any grievance does Boles allege that Hand personally served inappropriate food.

    C. Issues in Grievance 04–11–1278–17

The magistrate judge found that the issue raised in the November 20, 2014, grievance was that, early that day, Defendant Watts refused to provide him with a bun for his hamburger. (R&R PageID.1290.) Boles alleged that the refusal was retaliation for his earlier grievances regarding the low-sodium diet. The magistrate judge concluded that Defendants failed to prove that the issue was not properly exhausted. (*Id.* PageID.1291.) The magistrate judge then concluded that, as a retaliation claim, the claim should be dismissed. (*Id.*

PageID.1294–95.) The magistrate judge found that any injury was inconsequential and that Boles had not established the causation element required by the claim. (*Id.*)

Neither party objected to the conclusion that the retaliation claim was properly exhausted and should be dismissed.

III.

A. Objection 2.

For his Eighth Amendment claim arising from the repeated failure to serve low-sodium food, the magistrate judge concluded that the claim had been exhausted only as to Defendants Watts, Finley, Lamp and Hand.

Boles objects to the conclusion that his Eighth Amendment claim against Defendants Murphy, McConkey and Miller, arising from the failure to serve low-sodium food, was not properly exhausted.[1] Boles argues these defendants did not raise the exhaustion defense.

Boles's objection is overruled. First, for Defendant Miller, Boles's premise is incorrect; Defendants asserted in their brief that the grievances "do not even mention Defendant Miller[.]" (ECF No. 87 PageID.791.) Second, the magistrate judge is correct that this grievance does not name Murphy, McConkey or Miller. Third, even if Boles is correct that the claim should not be dismissed against these defendants for failure to exhaust, he ultimately could not prevail at trial against these defendants. The grievance through which this Eighth Amendment claim was exhausted was filed on June 5, 2014, and identified the

---

[1] Boles includes Defendant Aramark in this objection. Because he makes the same and other arguments about Defendant Aramark in Objection 6, the Court will address the claims against Aramark later.

dates of the incident as June 1 through June 5. According to the complaint, Defendants Murphy, McConkey, and Miller had all resigned and left their positions during or before May 2014. (Compl. ¶¶ 31, 35-36, and 42 PageID.12-14.) Even if Boles has a viable claim arising from events occurring between June 1 and June 5, 2014, Miller, McConkey and Murphy were not working at the facility when those events occurred. The Court finds no error in the magistrate judge's conclusion that the Eighth Amendment claim should be dismissed as to Defendants Murphy, McConkey and Miller.

B. Objection 3.

The magistrate identified the exhausted claims and the defendants against which those claims were exhausted. Miller was not listed as one of those defendants.

Boles objects. Boles insists that Miller was the food service director during the May 2014 incident grieved in the 05-0572-09 grievance.

Boles's objection is overruled. Boles implicitly concedes that Miller is not named in that grievance. (PageID.1308-09.) In addition. The "incident" raised in that particular grievance, as discussed above was the cleanliness of the food trays. The facts alleged in the grievance do not state a viable constitutional claim.

C. Objection 4.

The magistrate identified the exhausted claims and the defendants against which those claims were exhausted. Neither Phelps nor Melton were listed as one of those defendants.

Boles objects. Boles reasons that where he named Aramark and its employees in Grievance 14-06-0682-09, he exhausted his administrative remedies against Phelps and

Melton. Boles also argues that the grievance was not rejected on the basis that it did not name each individual involved.

Boles's objection is overruled. This grievance does not name either Phelps or Melton as involved in the underlying incident. That Phelps later reviewed the grievance does not give rise to a claim against him. The grievance itself did not put either Phelps or Melton on notice of a claim against them. The grievance was not rejected for failing to name an individual because it named other individuals. That does not give Boles license to add new defendants at a later time.

D. Objection 6.

The magistrate identified the exhausted claims and the defendants against which those claims were exhausted. Aramark was not listed among those defendants. The magistrate judge then recommended dismissal of each claim as to those defendants properly named in the grievances.

Boles objects. Boles insists that he has viable claims against individual employees. Boles also insists he has pleaded a viable claim against Aramark based on its customs or policies.

Boles's objection is overruled. Boles did not exhaust a claim against Aramark because he did not name Aramark in the relevant grievance. Boles does not have a viable constitutional claim against any individual defendant which he can use to raise a claim against Aramark. To the extent that Boles relies on the contract between Aramark and MDOC, Boles does not have a viable constitutional claim under the Eighth Amendment. As was true for Defendant Hand, Boles has not put forth any evidence that Aramark, separate and

distinct from any of its employees, was subjectively aware that Boles had a medically-ordered low-sodium diet. To the extent that Aramark's subjective knowledge of Boles's diet can be imputed to it through the knowledge of its employees, the Court has already concluded that no individually named defendants were subjectively aware of Boles's medical detail.

IV.

For these reasons, the Report and Recommendation (ECF No. 109) is **ADOPTED** as the Opinion of this Court. Accordingly, Defendants' motion for summary judgment (ECF No. 87) is **GRANTED**. The claims against Defendants are dismissed.

**IT IS SO ORDERED.**

Date:  July 21, 2017                                           /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge